No. 7042.

THE STATE, AND TOWN OF PLAQUEMINES, VS. CHAS. RUFF.

The Legislature may constitutionally confer on the officers of a municipal corporation the right to take judicial cognizance of cases arising under the police regulations and laws of the corporation.

An act of the Legislature authorizing a municipal corporation to sue for and recover, before its mayor, a fine for the breach of one of its police regulations, does not authorize the arrest and criminal prosecution of one who commits such a breach.

APPEAL from the Mayor's Court, Town of Plaquemines. *Caneza*, J.

*Charles O. Lauve* and *George Wailes* for defendant and appellant.
*E. B. Talbot* for plaintiff.

The opinion of the court was delivered by

DEBLANC, J. In conformity with the regularly expressed wishes of a majority of the legal voters of the town of Plaquemine, its council passed an ordinance commanding the closing—on Sundays and within the limits of said town—of all places of business and amusement.

In disregard of that ordinance, and after its promulgation, the defendant did—on a Sunday—open his drinking saloon and retail liquor within the aforesaid limits. An affidavit was made asserting that fact and a warrant issued ordering his arrest. He was arrested, brought before the mayor, and—to the proceedings filed and partly executed against him, he excepted on the grounds:

1. That the Legislature could not—without violating the seventy-third article of the constitution of 1868, delegate any judicial power to the mayor of Plaquemine.

2. That, under the circumstances, if any action can or could be brought against him, it is exclusively a civil action.

Act number 30 of the Legislature of 1875 provides "that the mayor and selectmen of the town of Plaquemine shall have power to make, ordain and impose such fines or penalties for a breach of their by-laws, rules and ordinances, as they shall think proper, but not to exceed the sum of fifty dollars for a single offence, *to be sued* for and recovered before the mayor."

That delegation of power was fully authorized by the first part of article 94 of the Constitution, which enjoins that "no judicial powers —except as committing magistrates in criminal cases—shall be conferred on any officers other than those mentioned in this title, *except such as may be necessary in towns and cities;* and the judicial power of such officers shall not extend further than the cognizance of cases arising under the police regulation of towns and cities in the State."

32

The law of 1875 is—however—as clear as the constitutional clause referred to, and directs that any fine so imposed shall be recovered, not by a criminal prosecution, but by suit. It does not appear that the question presented by defendant's exception was raised in the case of the State vs. Thomas, in which this court said: "We have in the record the essential forms of proceeding for the recovery of the penalty, and may lay aside as useless the indictment, arraignment and trial." Here, laying aside the affidavit and the warrant, which can be considered but as the elements of a criminal prosecution, there remain none of those indispensable forms which constitute the foundation of a civil action.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and it is hereby annulled, avoided and reversed, and plaintiff's prosecution dismissed at its costs in both courts.